PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED
2019 DEC -9 PM 2:58

_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__FORT WORTH__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__ALLEN TYRONE ROBINSON__
PETITIONER
(Full name of Petitioner)

__POLUNSKY UNIT, LIVINGSTON, TX.__
CURRENT PLACE OF CONFINEMENT

vs.

__519307__
PRISONER ID NUMBER

__LORIE DAVIS__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**4-19CV1022-P**
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☒ Other: _Parole Denial_ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _Tarrant County Criminal District Court No. 2_

2. Date of judgment of conviction: _May 25, 1984_

3. Length of sentence: _66 years_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _0365170 - Robbery by Threats_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☐ No

8.  Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    _____   Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____   Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Tarrant County Criminal District Court No. 2

    Nature of proceeding: § 11.07, writ of Habeas Corpus

    Cause number (if known): WR-25,801-01

-3-

stamped date from the particular court: __January 3, 1994__

Grounds raised: __can't remember!__

Date of final decision: __February 23, 1994__

What was the decision? __Denied Without Written Order__

Name of court that issued the final decision: __Court of Criminal Appeals, TX.__

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: __Tarrant County Criminal District Court No 2__

Nature of proceeding: __11.07, Writ of Habeas Corpus__

Cause number (if known): __WR- 25,801-02__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
__August 5, 1994__

Grounds raised: __Can't remember__

Date of final decision: __March 1, 1995__

What was the decision? __Denied Without Written Order__

Name of court that issued the final decision: __Court of Criminal Appeals, Texas__

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: __N/A__

   (b) Give the date and length of the sentence to be served in the future: __N/A__

-4-

As to any third petition, application or motion, give the same information:

Name of Court: United States District Court, Northern District of Texas, Fort Worth Division.

Nature of proceeding: § 2254, writ of Habeas Corpus

Cause number (if known): unknown

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: Clerk never forward me a copy of my request of this information.

Ground raised: can't remember

Date of final decision: unknown

Name of court that issued the final decision: United States District Court, Northern District of Texas, Fort Worth Division.

What was the decision?: Denied or Dismissed?

As to any fourth petition, application or motion, give the same information:

Petition can not remember if he filed a fourth petition or application and do not want to give a false answer to any questions, so I respond to all "unknown", if one was filed, in Federal Court.

As to any fifth petition, application or motion, give the same information:

Name of Court: Tarrant County District Court No. 2
Nature of proceeding: 11.07, writ of Habeas Corpus
Cause number: WR-25,801-04
Date (month, day and year) you filed the petition, application or motion as shown by a filed-stamped date from the particular court: 1-28-2019

GROUND RAISED: #1- TEXAS PRISONER HAVE A RIGHT TO PAROLE THROUGH THE TEXAS' GOOD CONDUCT CREDIT AND WORK TIME CREDIT LAWS; #2- THE PAROLE BOARD REFUSE TO FOLLOW THE TRIAL COURT'S SENTENCE STRUCTURE (SCHEME) WHEN THEY DENIED PETITIONER PAROLE; #3- THE PAROLE BOARD INTERFERRED WITH THE PLEA BARGAIN AGREEMENT ENTERED INTO BETWEEN THE COURT OFFICIALS AND PETITIONER, WHEN THEY DENIED HIM PAROLE.

#4 - THE PAROLE BOARD ACTED ARBITRARILY AND CAPRICIOUSLY BY DENYING PETITIONER PAROLE FOR UNCHANGEABLE AND UNJUST REASONS, AND FAILED TO CONSIDERED THE FACTORS ENUNCIATED IN THE TEXAS GOVERNMENT CODE AND TITLE 37 OF THE TEXAS ADMINISTRATIVE CODE; #5 - THE PAROLE BOARD VIOLATED THE SEPARATION OF POWER ACTS WHEN THEY IGNORED THE SENTENCING SCHEME ENACTED BY THE LEGISLATURE; #6 - THE LEGISLATURE DID NOT INTEND FOR PRISONERS TO SERVE THEIR SENTENCE DAY FOR DAY; #7 - THE PAROLE BOARD VIOLATES EX POST FACTO CLAUSES BY RETROACTIVELY APPLYING TITLE 37, ADMINISTRATIVE CODE §145.12 TO HIS CASE; AND #8 - THE PAROLE BOARD DENIED PETITIONER DUE PROCESS WHEN THEY APPLIED NEW DENIAL REASONS TO THEIR REASONS TO DENY PETITIONER PAROLE WITHOUT NOTICE.

DATE OF FINAL DECISION: AUGUST 14, 2019
WHAT WAS THE DECISION: DENIED WITHOUT WRITTEN ORDER
NAME OF COURT THAT ISSUED THE FINAL DECISION: COURT OF CRIMINAL APPEALS, TEXAS

AS TO ANY SIXTH PETITION, APPLICATION OR MOTION, GIVE THE SAME INFORMATION:

NAME OF COURT: TARRANT COUNTY 297TH DISTRICT COURT.
NATURE OF PROCEEDING: 11.07, WRIT OF HABEAS CORPUS
CAUSE NUMBER: WR-25,801-03
DATE (MONTH, DAY AND YEAR) YOU FILED THE PETITION, APPLICATION OR MOTION AS SHOWN BY A FILE-STAMPED DATE FROM THE PARTICULAR COURT: AUGUST 6, 2012
GROUNDS RAISED: UNKNOWN
DATE OF FINAL DECISION: SEPTEMBER 5, 2012
WHAT WAS THE DECISION: DISMISSED; SENTENCE DISCHARGED
NAME OF COURT THAT ISSUED THE FINAL DECISION: TARRANT COUNTY 297TH DISTRICT COURT.

sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

-5-

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** TEXAS PRISONER HAVE A RIGHT TO PAROLE THROUGH THE TEXAS' GOOD CONDUCT CREDIT AND WORK TIME CREDIT LAWS.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER CONTENDS THAT HE HAS A STATUTORY AND CONSTITUTIONAL RIGHT TO BE RELEASED ON PAROLE WHEN HE BECAME ELIGIBLE BECAUSE HE EARNED TIME OFF THE PERIOD HE HAS TO DO WHILE INCARCERATED THROUGH THE AWARD OF GOOD TIME AND WORK TIME CREDITS. SEE MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS-FOR ARGUMENT...

B. **GROUND TWO:** THE PAROLE BOARD REFUSE TO FOLLOW THE TRIAL COURT'S SENTENCE STRUCTURE (SCHEME) WHEN THEY DENIED PETITIONER PAROLE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER CONTENDS THAT THE PAROLE BOARD HAS A LEGAL DUTY TO FOLLOW THE SENTENCING STRUCTURE EXECUTED BY THE TRIAL COURT. THE COURT HAS DETERMINED THE EXPECTED AMOUNT OF TIME A DEFENDANT WOULD HAVE TO SERVE BY GIVING THEM A PARTICULAR SENTENCE. SEE MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS-FOR ARGUMENTS.

-6-

C. **GROUND THREE:** THE PAROLE BOARD INTERFERRED WITH THE PLEA BARGAIN AGREEMENT ENTERED INTO BETWEEN THE COURT OFFICIALS AND PETITIONER WHEN THEY DENIED HIM PAROLE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER AVERS THAT ONCE A COURT DETERMINES A CERTAIN SENTENCE, ESPECIALLY AS A RESULT OF A PLEA BARGAIN AGREEMENT, THE PAROLE BOARD MUST HONOR ALL THE CONSIDERATION APPLIED BY THE COURT AND PROSECUTORS, IN DETERMINING HOW MUCH TIME THE OFFENDER WOULD DO ON THE SENTENCE TO BE RELEASED ON PAROLE. SEE MEMORANDUM...

D. **GROUND FOUR:** THE PAROLE BOARD ACTED ARBITRARILY AND CAPRICOUSLY BY DENYING PETITIONER PAROLE FOR UNCHANGEABLE AND UNJUST REASONS, AND FAILED TO CONSIDER THE FACTORS ENUNCIATED IN TITLE 37,...

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THESE GOVERNING FACTORS RESTRICT THE PAROLE BOARD'S REVIEW AND CONCOMITANTLY THEIR EXERCISE OF DISCRETION TO WHETHER OR NOT THE PAROLE CANDIDATE POSES A DANGER TO THE PUBLIC IF RELEASE. THE LEGISLATURE HAS MADE INTO LAW THESE FACTORS AND THE BOARD MUST FOLLOW AND CONSIDER THEM. SEE MEMORANDUM... FOR ARGUMENT.

21. Relief sought in this petition: PETITIONER SEEK THIS HONORABLE FEDERAL COURT HOLD THAT ALL PRISONER HAS A LIBERTY INTEREST IN PAROLE - FREE FROM RESTRAINT - AND THEREBY A RIGHT TO PAROLE; THAT THE TEXAS PAROLE BOARD ACTS ARBITRARILY AND CAPRICOUSLY WHEN THEY DON'T CONSIDER THE FACTORS ENUNCIATED IN TITLE 37 OF THE TEXAS ADMINISTRATIVE CODE WHEN THEY DECIDE TO RELEASE A PRISONER ON PAROLE.

20.

E. GROUND FIVE: THE PAROLE BOARD VIOLATED THE SEPARATION OF POWER ACT WHEN THEY IGNORED THE SENTENCING SCHEME ENACTED BY THE LEGISLATURE.

SUPPORTING FACTS:

PETITIONER CONTENDS THAT THE PAROLE BOARD HAS LITERALLY SHREDDED THE SENTENCING SCHEME ENACTED BY THE LEGISLATURE AND HAD TAKEN GOOD BEHAVIOR AND WORK TIME CREDITS FOR GRANTED. THE PAROLE BOARD HAS TAKEN THE POSITION THAT THERE IS NOTHING A PRISONER CAN DO TO EARN PAROLE, AS THE LAW IMPLIES. SEE MEMORANDUM... FOR ARGUMENT.

F. GROUND SIX: THE LEGISLATURE DID NOT INTEND FOR PRISONERS TO SERVE THEIR SENTENCES DAY FOR DAY.

SUPPORTING FACTS:

PETITIONER CONTENDS THAT THE PAROLE BOARD EXCEEDS ITS AUTHORITY AND DISCRETION WHEN IT REQUIRES PRISONERS TO SERVE THEIR SENTENCES AS IF DOING IT DAY FOR DAY. SEE MEMORANDUM FOR ARGUMENT.

G. GROUND SEVEN: THE PAROLE BOARD VIOLATES EX POST FACTO CLAUSES BY RETROACTIVELY APPLYING TITLE 37 ADMINISTRATIVE CODE § 145.12 TO HIS CASE.

SUPPORTING FACTS:

THE PAROLE BOARD THROUGH ITS PRACTICE, AT THE TIME OF PETITIONER'S CRIME (1988), REVIEW PRISONER FOR A SUBSEQUENT REVIEW ANNUALLY, THUS, THE BOARD HAS A DUTY TO APPLY THIS PRACTICE TO PETITIONER INSTEAD OF THE 1992 ADMINISTRATIVE RULE. SEE MEMORANDUM... FOR ARGUMENT.

H. GROUND EIGHT: THE PAROLE BOARD DENIED PETITIONER DUE PROCESS WHEN THEY APPLIED NEW DENIAL REASONS TO THEIR REASONS TO DENY PETITIONER PAROLE WITHOUT NOTICE.

SUPPORTING FACTS:

ON DECEMBER 22, 2017, PETITIONER WAS GIVEN NOTICE THAT THE PAROLE BOARD HAD APPLIED NEW DENIAL REASONS TO HIS PAROLE REVIEW PROCESS WHICH WAS HELD IN MAY, 2015. SEE MEMORANDUM... FOR ARGUMENT.

20.

GROUND NINE: PETITIONER WAS DENIED DUE PROCESS WHEN THE STATE COURT FAILED TO RESOLVE THE ISSUE IN DISPUTE REGARDING THE FACTORS CONSIDERED IN DETERMINING HIS SUITABILITY FOR PAROLE RELEASE.

SUPPORTING FACTS ,,.:

THE COURT DESIGNATED FOR FUTURE RESOLUTION THE APPLICANT'S CLAIMS THAT THE PAROLE BOARD FAILED TO PROPERLY APPLY THE ADMINISTRATIVE CODE FACTORS. THE STATE FAILED TO RESPOND TO THIS DESIGNATED ISSUE AND THE COURT FAILED TO COMPEL THE STATE TO GIVE THIS INFORMATION WHEN THE STATE REFUSE TO GIVE ANY FACTORS THEY CONSIDERED IN THEIR DETERMINATION. SEE MEMORANDUM...FOR ARGUMENT.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☑ Yes   ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

GROUND NO. NINE — THE STATE COURTS FAILED TO RESOLVE THE ORDER DESIGNATING AN ISSUE TO BE RESOLVE, SEE MEMORANDUM

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.   N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)   At preliminary hearing: NONE

   (b)   At arraignment and plea: NONE

   (c)   At trial: MAX BLANKENSHIP & SIMON C. GONZALEZ

   (d)   At sentencing: MAX BLANKENSHIP & SIMON C. GONZALEZ

   (e)   On appeal: SIMON C. GONZALEZ

   (f)   In any post-conviction proceeding: PRO-SE

—8—

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____PRO-SE_____

## Timeliness of Petition:

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

FILED IN TEXAS COURT OF CRIMINAL APPEALS, 11.07 AND COURT DENIED WRIT ON 7-26-2019.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__NOVEMBER 26, 2019_____ (month, day, year).

Executed (signed) on __NOVEMBER 26, 2019_____ (date).

_____Allen Tyrone Robinson_____
Signature of Petitioner (required)

Petitioner's current address: __Polunsky Unit, 3872 FM 350 South, Livingston, Texas, 77351__

-10-

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
RECEIVED

2019 DEC -9 PM 2:58

DEPUTY CLERK_____

ALLEN TYRONE ROBINSON #519307
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

CLERK,
U.S. DISTRICT COURT,
NORTHERN DISTRICT OF TEXAS
FORT WORTH, DIVISION
501 WEST 10TH ST., 310
FORT WORTH, TX. 76102-3673

NOVEMBER 26, 2019

Dear Clerk:

Please find enclosed one (1) original and one (1) copy of the following:

1. FEDERAL PETITION FOR A WRIT OF HABEAS CORPUS, Sec. 2254.

2. MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS.

Thanks for you attention to this matter and have a nice day! And find application to proceed in formal pauperis.

SINCERELY,

Allen Tyrone Robinson

ALLEN ROBINSON #1930?
POLU
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351



RECEIVED
DEC -9 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PLRA

U.S. DISTRICT COURT, CLERK
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION
501 WEST 10TH ST., 310
FORT WORTH, TEXAS 76102-3673