IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLEN TYRONE ROBINSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-1022-P |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

filed by Petitioner, Allen Tyrone Robinson, a state prisoner confined in the Correctional

Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie

Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by

Petitioner, the Court has concluded that the petition should be denied.

## I.  BACKGROUND

Petitioner is serving a 66-year sentence in TDCJ for his 1989 Tarrant County

conviction by a jury for robbery by threats in Case No. 0365170R for an offense occurring

on February 27, 1998. SHR[1] 7, ECF No. 11-8. Respondent has provided the affidavit of

Charley Valdez, a Program Supervisor III for the Classification and Records Department of

TDCJ, reflecting that Petitioner was released on parole from his 66-year sentence on January

---

[1]"SHR" refers to the record of Petitioner's relevant state habeas proceeding in WR-25,801-04.

4, 2006. *Id.* at 120-21. While on parole, Petitioner was charged with a new offense in Tarrant

County for robbery by threats in Case No. 1331852D, to which he pleaded guilty pursuant

to a plea bargain agreement and was sentenced to 15 years' confinement. *Id.* at 121-22, 142.

Subsequently, on December 17, 2013, Petitioner's parole was revoked. *Id.* As a result of the

parole revocation, Petitioner forfeited 6 years, 3 months, and 23 days of street time pursuant

to Texas Government Code § 508.283(b)-(c). *Id.* at 122. He also forfeited any previously

accrued good conduct and work time pursuant to Texas Government Code § 498.004(a)-(c).[2]

     Petitioner was denied re-release on parole on April 3, 2018, for the following reasons:

> 1D (record indicates repeated criminal episodes which indicate predisposition
> to commit criminal acts upon release, 2D (record indicates instant offense has
> "elements of brutality, violence, assaultive behavior, or conscious selection of
> victim's vulnerability" which in turn indicates offender "poses a continuing
> threat to society"), and 5D (unsuccessful periods of supervision resulting in
> incarceration).

*Id.* at 123. Petitioner's next parole review date is scheduled for April 2021. *Id.*

## II. Issues

     In nine grounds for relief, Petitioner raises the following claims:

    (1)    Texas prisoners have a right to parole through Texas's good-conduct
          and work-time credit laws;

    (2)    the parole board refuses to follow the trial court's sentence structure
          (scheme) in denying him parole;

---

    [2]Under Texas law, work-time credits are treated as good-conduct time credits. TEX.
GOV'T CODE ANN. § 498.003 (West 2012).

2

(3)     the parole board interfered with the plea bargain agreement he entered into with court officials in denying him parole;

(4)     the parole board acted arbitrarily and capriciously by denying him parole for unchangeable and unjust reasons and failing to consider the factors enunciated in Title 37, Texas Administrative Code, § 145.2;

(5)     the parole board violated the separation of powers act when they ignored the sentencing scheme enacted by the legislature;

(6)     the legislature did not intend for prisoners to serve their sentences day for day;

(7)     the parole board violates ex post facto clauses by retroactively applying Title 37, Administrative Code, § 145.12 to his case;

(8)     the parole board denied him due process by applying new "denial reasons" to their reasons for denying him parole without notice; and

(9)     the state habeas court denied him due process by failing to resolve the issue in dispute regarding the factors considered in determining his suitability for parole release.

Pet. 8-11,[3] ECF No. 1.

Save for his ninth ground, Petitioner filed a state habeas-corpus application raising his claims, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. Action Taken & SHR 14-27, ECF Nos. 11-7 & 11-8.

---

[3]Because pages, which are not paginated, are inserted into the form petition, the pagination in the ECF header is used.

**III.  RULE 5 STATEMENT**

Respondent believes that the petition is neither time-barred nor successive and that Petitioner has exhausted his state-court remedies as to the claims raised. Resp't's Answer 5, ECF No. 10.

**IV.  DISCUSSION**

Under his first ground, Petitioner claims that Texas prisoners have a right to parole through Texas's good-conduct and work-time credit laws. Pet'r's Mem. 3-6, ECF No. 2. However, it is well-established that a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir.1998). And, the law is clear that a state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz*, 442 U.S. at 7; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law, and Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *See* TEX. GOV'T CODE ANN. § 508.001(6) (West 2012); *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir.1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana,* 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the parole board to grant parole does not merit federal habeas relief. *Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir. 1981); *Orellana,* 65 F.3d at 31-32. The law

4

is also clear that Texas parole statutes, past and present, do not create a protectible liberty

interest in restoration of good-conduct and work-time credits or, in Petitioner's case,

retention of accumulated street-time credit forfeited upon revocation of parole.[4] *See* TEX.

GOV'T CODE ANN. §§ 498.004(b) (West 2012); *Thomson v. Cockrell,* 263 F.3d 423, 426 (5th

Cir. 2001); *Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5th Cir. 1997); *Newby v. Johnson,*

81 F.3d 567, 569 (5th Cir. 1996); *Sanchez v. Cockrell,* No. 4:00-CV-1803-Y, 2001 WL

1297677, at *4 (N.D. Tex. Oct. 11, 2001). Petitioner is not entitled to relief under his first

ground.

Under his second, third, and fifth grounds, Petitioner claims that, in violation of the

separation of powers doctrine, the parole board refuses to follow the trial court's sentence

structure (scheme), interfered with the plea bargain agreement between him and court

officials, and ignored the sentencing scheme enacted by the legislature in denying parole on

his 15-year sentence in Case No. 1331852D. Pet'r's Mem. 6-9, ECF No. 2. These claims

present no federal question. The federal separation-of-powers doctrine is not applicable to,

or enforceable against, the states as a matter of federal constitutional law. *See Wahlen v.*

*United,* 445 U.S. 684, 689 n.4 (1980); *Sweezy v. New Hampshire,* 354 U.S. 234, 255 (1957);

---

[4]At the time of Petitioner's parole revocation, he was not eligible to receive credit for his street time as a matter of state law under Texas Government Code § 508.283(b) because he was serving a sentence for a second-degree robbery conviction. *See* TEX. GOV'T CODE ANN. §§ 508.149(a)(11), 508.283(b) (West Supp. 2014 & 2012); *Ex Parte Montgomery,* 894 S.W.2d 324, 327 (Tex. Crim. App. 1995) (providing under Texas law eligibility for street-time credit is controlled by the statute in effect at the time of the parole revocation); *Ex parte Hernandez,* 275 S.W.3d 895, 898 (Tex. Crim. App. 2009) (same).

*Attwell v. Nichols,* 608 F.2d 228, 230 (5th Cir. 1980). Nor does Petitioner demonstrate that the parole board's actions violated the plea bargain agreement. The Court is unable to locate a copy of the executed plea agreement in Case No. 1331852D in the record; thus, it is impossible to determine whether the parties entered into a plea agreement limiting the parole board's discretion or the information that it could consider in reviewing his eligibility or suitability for parole. *See Rutledge v. Thaler,* 344 Fed. App'x 924, 2009 WL 2971851, at *1 (5th Cir. Sept. 17, 2009); *Ruther v. Ortiz,* 30 F.3d 1490, 1994 WL 397670, at *3 (5th Cir. July 11, 1994). Petitioner is not entitled to relief under his second, third, and fifth grounds.

Under his fourth and eighth grounds, Petitioner claims that the parole board denied him due process by arbitrarily and capriciously denying him parole based on unchangeable and unjust reasons, failing to consider the factors enunciated in the Texas Government Code and Title 37 of the Texas Administrative Code, and, without notice, applying new "denial reasons" to the reasons for denying him parole. Pet'r's Mem. 10-12, 19-20, ECF No. 2. However, because Texas prisoners have no protected liberty interest in parole, Petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions on procedural or substantive due process grounds. *See Orellana,* 65 F.3d at 32; *Baca v. Owens,* 293 Fed. App'x 247, 2008 WL 3380769, at *2 (5th Cir. Aug. 7, 2008). Petitioner is not entitled to relief under his fourth and eighth grounds.

Under his seventh ground, Petitioner claims that the parole board violated the Ex Post Facto Clause by retroactively applying Title 37, Texas Administrative Code, § 145.12

imposing a longer set-off between parole reviews to his case, instead of the rule in effective

at the time he committed the 1988 offense. Pet'r's Mem. 16-18, ECF No. 2. The states are

prohibited from enacting an *ex post facto* law. U.S. CONST., art. I, § 10, cl. 1. One function

of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the

punishment for a crime after its commission. *Garner v. Jones,* 529 U.S. 244, 249-50 (2000);

*Collins v. Youngblood,* 497 U.S. 37, 42 (1990). Legislative changes affecting a prisoner's

eligibility for parole may have *ex post facto* implications if they create a sufficient risk of

increasing the punishment for the prisoner's crime. *California Dep't of Corr. v. Morales,* 514

U.S. 499, 509 (1995); *Garner,* 529 U.S. at 250. The parole board's ability to impose a longer

set-off between parole reviews, however, creates only a speculative risk of increased

punishment. *Morales,* 514 U.S. at 509; *Garner,* 529 U.S. at 253-56; *Morris v. Aycock,* 350

Fed. App'x 894, 2009 WL 3416243, at *2 (5th Cir. Oct. 23, 2009). Petitioner is not entitled

to relief under his seventh ground.

Under his ninth ground, Petitioner claims that he was denied due process by the state

habeas court's failure to resolve the issue in dispute regarding the factors considered in

determining his suitability for parole. Pet. 11, ECF No. 1. Specifically, he complains of the

state court's reliance upon the affidavit of Charley Valdez, which did not provide any

information regarding the factors considered by the board in determining his suitability for

parole, and asserts that the state court should have compelled the state to produce the

information. Pet'r's Mem. 20-21, ECF No. 1. The Fifth Circuit has repeatedly held that

defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson,* 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). Petitioner is not entitled to relief under his ninth ground.

In summary, Petitioner fails to demonstrate a federal constitutional violation or, otherwise, that the state courts' denial of his claims was contrary to, or an unreasonable, application of federal law. *See* 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to relief.

## V.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Further, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is DENIED.

**SO ORDERED** on this 16th day of June, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE